**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**LUIS MINIER**,

                          Petitioner,

              - v -                                    Civ. No. 9:12-CV-0637
                                                                     (DNH/RFT)

**RUSSELL PERDUE**, *Warden*,

                          Respondent.

**APPEARANCES:**                              **OF COUNSEL:**

LUIS MINIER
Petitioner, *Pro Se*
Last Known Address[1]
62708-004
Ray Brook Federal Correctional Institution
PO Box 900
Ray Brook, NY 12977

**THE HON. RICHARD S. HARTUNIAN**       **CHARLES E. ROBERTS**
Assistant United States Attorney–Syracuse    Assistant United States Attorney
Attorney for Respondent
James M. Hanley Federal Building
100 South Clinton Street
Syracuse, NY 13261-7198

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Petitioner Louis Minier brings this Petition for a Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2241, challenging the constitutionality of a prison disciplinary hearing that resulted in the loss of his non-vested good time credits. Dkt. No. 1, Pet. For the reasons that follow, we recommend that it be **DENIED** and no certificate of appealability be issued.

---

[1] Petitioner has not resided at Ray Brook Federal Correctional Institution for more than one year; however, he has failed to apprise the Court of his current address. *See* Dkt. No. 7, Lt., dated Jan. 30, 2014.

## I. BACKGROUND

Petitioner filed the instant Petition on March 10, 2012, claiming that his non-vested good time credits were stripped in violation of his due process and equal protection rights because he was improperly charged under a higher level offense code than he should have been after a cell phone, radio, and homemade charging device were found in his cell. *See generally* Pet. On August 15, 2012, Respondent filed his opposition to the Petition, noting, *inter alia*, that Petitioner's sentence was due to expire on October 26, 2012. Dkt. No. 5, Resp't's Mem. of Law, at p. 1. Subsequently, on October 26, 2012, Petitioner was released from federal custody. Dkt. No. 7, Lt., dated Jan. 30, 2014, at Ex. 1, Printout of Federal Prison Locator Service Website.

## II. DISCUSSION

Article III, Section 2 of the United States Constitution limits the subject matter of the federal courts to those cases which present a "case or controversy." *Spencer v. Kemna*, 523 U.S. 1, 6 (1998); *Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, 258 F. Supp. 2d 157 (E.D.N.Y. 2003). "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal quotations and citations omitted); *Lavin v. United States*, 299 F.3d 123, 128 (2d Cir. 2002). *Habeas corpus* review is available only to persons in custody in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). The custody requirement has been held to include situations in which a petitioner's sentence has fully expired, but he continues to be subject to collateral consequences of the conviction. *Carafas v. LaVallee,* 88 S.Ct. 1556, 1559–60 (1968). Howqever, courts within this ircuit have held that, unlike a challenge to an underlying criminal conviction, which is presumed to have collateral consequences, "a challenge to a disciplinary

hearing which results in loss of good time does not presume collateral consequences and petitioner is therefore required to demonstrate a concrete injury in fact in order to avoid dismissal for failure to satisfy Article III's 'case or controversy' requirement." *Butti v. Fischer*, 385 F. Supp. 2d 183, 186 (W.D.N.Y. 2005); *see also Sullivan v. Graham*, 2008 WL 2074047, at *1 (N.D.N.Y. May 14, 2008) (Hurd, J.) (citing *Butti v. Fischer*, for the proposition that "collateral consequences sufficient to satisfy the 'case or controversy' requirement of Article III, Section 2, of the Constitution are not presumed where the petition challenges only the loss of good time credits").

In the instant case, Petitioner's sentence has expired, he has been released from prison, and his Petition fails to allege any collateral consequences related to his pre-release disciplinary conviction. Accordingly, Petitioner's claims are moot, and we recommend that the Petition be **DENIED** and that no certificate of appealability be issued.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition (Dkt. No. 1) be **DENIED**; and it is further

**RECOMMENDED**, that because the Court finds Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability should be issued with respect to any of Petitioner's claims. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000), *cert. denied* 531 U.S. 873 (2000); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: May 28, 2014
       Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge